# Illinois Official Reports

## Appellate Court

---

### *People v. Chatman*, 2016 IL App (1st) 152395

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CARL CHATMAN, Defendant-Appellee (Susan Riggio, Petitioner-Appellant). |
| District & No. | First District, Fifth Division<br>Docket No. 1-15-2395 |
| Filed | September 30, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 02-CR-14572; the Hon. Timothy Joyce, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Jeremiah P. Connolly, Rachel D. Kiley, Daria A. Porta, and James M. Gale, all of Bollinger Connolly Krause LLC, of Chicago, for appellant.<br><br>Anita M. Alvarez, State's Attorney, of Chicago (Alan J. Spellberg and Paul Castiglione, Assistant State's Attorneys, of counsel), for the People.<br><br>Debra Loevy-Reyes, Russell Ainsworth, and Elizabeth Wang, all of Loevy & Loevy, of Chicago, for appellee Carl Chatman. |

PRESIDING JUSTICE GORDON delivered the judgment of the court, with opinion.
Justice Reyes concurred in the judgment and opinion.
Justice Lampkin specially concurred, with opinion.


**OPINION**


¶ 1   This appeal raises a purely legal question: does the complainant in a criminal case have standing to bring a petition, pursuant to section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2014)),[1] for the purpose of challenging a court's prior grant of a certificate of innocence to a criminal defendant?

¶ 2   In the case at bar, petitioner Susan Riggio filed a section 2-1401 petition on December 29, 2014, seeking to vacate a trial court's order, entered on November 19, 2013. The order granted a certificate of innocence to defendant Carl Chatman, who was petitioner's alleged assailant. On July 20, 2015, the trial court granted the State and defendant's motions to dismiss her petition for lack of standing, and she appealed.

¶ 3   Petitioner argues that she has standing pursuant to the Illinois Constitution and various Illinois statutes,[2] which provide rights to crime victims. However, as we explain below, she does not satisfy the definition of the term "[c]rime victim" provided by our legislature and quoted in her brief. Pub. Act 99-413 (eff. Aug. 20, 2015) (amending 725 ILCS 120/3(a) (West 2014)). In addition, as the State observes, the legislature has authorized only the State's Attorney and the Attorney General to intervene in the civil proceeding for a certificate of innocence. 735 ILCS 5/2-702(e) (West 2012) (expressly providing only the Attorney General and the State's Attorney with "the right to intervene as parties").

¶ 4   We are mindful that our decision today might not leave petitioner with a level playing field in a contemporaneous federal civil action, which was filed by defendant against petitioner and various state entities and officials for damages in connection with his prior conviction and incarceration. At oral argument on this matter, defendant's attorney forthrightly admitted that defendant is seeking to admit his Illinois certificate of innocence as evidence of his innocence, and therefore evidence of petitioner's alleged lies, in that federal action. However, pure speculation about what may or may not be admitted in a federal action does not change the laws governing standing in a state court. For the following reasons, we affirm.


¶ 5                          BACKGROUND

¶ 6   Petitioner appeals, stating that this appeal presents a pure question of law, and we agree. Thus, we present here only the few procedural facts needed to understand the legal question at hand.

_____

[1]Section 2-1401 was amended effective January 1, 2016, to add subsection (b-5). However, this subsection has no relevance to our issue and is not cited or quoted in this opinion. Prior to this amendment, the effective date of this section was August 21, 2007.

[2]Since there is an issue about which version of these constitutional amendments and statutes apply, we provide the citations in the analysis section where we discuss these issues at greater length.

¶ 7    In September 2013, the State moved to vacate defendant's 2004 rape conviction and sentence in People v. Chatman, No. 02 CR 14572 (Cir. Ct. Cook Co.), a case in which petitioner had been the complainant. In its motion, the State asked "that the matter be reinstated and redocketed" so that it could "move to vacate the conviction and sentence and move to nolle pros the conviction" and "request that the defendant, Carl Chatman, be released immediately from the custody of the Illinois Department of Corrections."

¶ 8    Petitioner concedes that she received prior notice of the State's decision to move to vacate defendant's conviction and sentence.[3] Although the State's attorney had a duty to notify her by first-class mail,[4] and petitioner was notified by telephone instead, petitioner does not challenge the method of notice here.

¶ 9    On September 10, 2013, the trial court issued a written order granting the State's motion, which stated in full:

> "It is Hereby Ordered that pursuant to the State's motion to reinstate the matter, the conviction and sentence in the above-captioned matter are vacated and it is further ordered that Carl Chatman, Inmate Number ***, be released immediately from the Illinois Department of Corrections."

The appellate record does not contain a transcript or bystander's report for these proceedings, and petitioner does not seek to challenge the order vacating defendant's conviction and releasing defendant.[5]

¶ 10    On October 25, 2013, defendant moved pursuant to section 2-702 of the Code (735 ILCS 5/2-702 (West 2012)) for a certificate of innocence. The State did not oppose it, and on November 19, 2013, the trial court granted it. It is this order that petitioner seeks to challenge in her section 2-1401 petition. She claims that she was not notified of defendant's motion, and neither defendant nor the State claims that she was.

¶ 11    On December 29, 2014, petitioner filed her section 2-1401 petition seeking to vacate the certificate of innocence granted to defendant 14 months earlier. The caption of her petition stated: "The People of the State of Illinois, Plaintiff, v. Carl Chatman, Defendant. No. 02 CR 14572." Attached as an exhibit to the petition was a complaint filed on April 24, 2014, by defendant against the City of Chicago and 21 other named entities and individuals, pursuant to

---

[3]At a hearing on November 19, 2013, which concerned defendant's motion to dismiss for lack of standing, petitioner's attorney stated that "she received a phone call the night before" informing her of the State's intent to move to vacate the conviction.

[4]Section 3-9005 of the Counties Code, which sets forth the powers and duties of a State's Attorney, provides that a State's Attorney has a duty to "notify, by first class mail, complaining witnesses of the ultimate disposition of the cases arising from an indictment or an information." 55 ILCS 5/3-9005(a)(10) (West 2012). However, section 3-9005 provides for no individual remedy or action.

[5]In her brief to the trial court, petitioner stated unequivocally that she "is not intervening in a criminal proceeding nor is she attempting to overturn the [State's] vacation of [defendant's] conviction." Similarly, in her reply brief to the trial court, she repeated that she "is not attempting to disturb the [State's] decision to vacate [defendant's] conviction."

42 U.S.C. § 1983 (2012).[6] The last of the 21 named entities and individuals was petitioner. The complaint alleged that defendant spent 11 years in prison for a crime he did not commit. In addition to the section 1983 claims, the complaint also included state law claims for malicious prosecution, intentional infliction of emotional distress, civil conspiracy, and defamation. The defamation count specifically named petitioner.

¶ 12    On March 4, 2015, the State filed a response to the section 2-1401 petition in which it observed that defendant had already filed a "motion to strike" the section 2-1401 petition on the ground that petitioner lacked the standing to bring it, and the State adopted and joined defendant's motion.[7] However, defendant's motion is not in the appellate record.[8] It is this missing motion which is the subject of this appeal.[9]

¶ 13    On July 20, 2015, the trial court granted the State's and defendant's motions to dismiss on the ground that petitioner lacked standing. The trial court found that "[n]o notice of the petition for the certificate of innocence was given to [petitioner]" but concluded that petitioner was not entitled to notice. Petitioner had argued that she was entitled to notice pursuant to both the Illinois Constitution and various statutes,[10] which provide rights to crime victims. In response, the trial court observed in its written order:

> "First, how is it established that one is, or is not, a 'victim'?[11] Obviously, Riggio claims that she is and always has been. Curiously, the State once believed and alleged that Riggio was, and now they claim that she is not, or at least that she may not be, as evidenced by their motion to vacate Chatman's conviction, and seek his immediate release. Chatman presumably has always believed that she was not.

---

[6]The copy of the section 1983 complaint in the appellate record bears a typed notation across the top of the first page stating that it was filed on April 24, 2014. However, the document is not file-stamped as received.

[7]In her response to defendant's motion to strike, petitioner states that defendant filed his motion on January 29, 2015.

[8]In their appellate briefs, all three parties refer to the motion but without the required citation to the record. This court is mystified why, if all three parties were aware that this document was missing, none saw fit to file a motion to supplement the record. See Ill. S. Ct. R. 341(h)(6) (eff. Jan. 1, 2016) (the statement of facts "shall contain the facts necessary to an understanding of the case *** with appropriate reference to the pages of the record on appeal").

[9]We could decide the appeal on this basis alone. It was the appellant's burden to provide a sufficiently complete record for us to review the issues that she raises on appeal, and we could affirm the trial court simply on her failure to provide a complete record. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); see also Ill. S. Ct. R. 341(h) (eff. Jan. 1, 2016). However, we exercise our discretion to review the parties' claims based on the detail provided about those claims in the trial court's order.

[10]As we noted above, since there is an issue about which version of these constitutional amendments and statutes apply, we provide the citations in the analysis section where we discuss these issues at greater length.

[11]As we discuss later in the analysis, our legislature realized this problem and addressed it last year by providing a definition of "[c]rime victim" which identifies who determines whether a person is, in fact, a "[c]rime victim." Pub. Act 99-413 (eff. Aug. 20, 2015) (amending 725 ILCS 120/3(a) (West 2014).

Thus, whether [she is] afford[ed] standing in connection with this proceeding would presumably require some type of hearing to determine whether she is a 'victim.' That, however, is putting the cart before the horse, if she is then determined to be a 'victim,' then Chatman would resultantly be determined to be guilty of having victimized her, and thus not entitled to a certificate of innocence. Standing would thus be conferrable only to those who can 'prove' (in some manner not set out by the Constitution or any statute) that they are entitled to the relief they seek.

This is circuitous. The concept of standing relates to the ability to make a claim. Standing is not synonymous with having a successful claim; it is having the ability conferred by our Constitution and the laws of this State to make the claim, whether or not it is thereafter succeeded upon."

¶ 14 The trial court then observed that the law "affords no relief for any claimed violation" of its provisions for crime victims and that this was "consistent with the well-established precepts regarding responsibility of the maintenance of criminal prosecutions in this State" by the State's Attorney or the Attorney General but not by individual members of the public. The trial court concluded that petitioner was without standing to maintain her section 2-1401 action.[12]

¶ 15 Petitioner filed a notice of appeal on August 17, 2015, stating: "This is an appeal from an order granting the motions of [defendant] Carl Chatman and the Cook County State's Attorney's Office to dismiss Susan Riggio's petition pursuant to 735 ILCS 5/2-1401, holding that appellant, Susan Riggio, does not have standing to challenge the Court's grant of a Certificate of Innocence to Carl Chatman pursuant to 735 ILCS 5/2-702, *et seq.*" This appeal followed.

¶ 16                                          ANALYSIS

¶ 17 In the case at bar, petitioner filed a section 2-1401 petition seeking to vacate a trial court's prior order, which had granted a certificate of innocence to petitioner's alleged assailant in a criminal case. The trial court granted the State's and defendant's motions to dismiss her petition for lack of standing, and for the following reasons, we affirm.

¶ 18                                    I. Section 2-1401

¶ 19 Petitioner filed her petition pursuant to section 2-1401. 735 ILCS 5/2-1401 (West 2014).

¶ 20 "Section 2-1401 of the Code of Civil Procedure [citation] establishes a comprehensive procedure by which final orders and judgment may be vacated or modified more than 30 days after their entry." *Paul v. Gerald Adelman & Associates, Ltd.*, 223 Ill. 2d 85, 94 (2006). It provides, in relevant part, that: "Relief from *** orders and judgments, after 30 days from the entry thereof, may be had upon petition as provided in this Section." 735 ILCS 5/2-1401(a) (West 2014). "The petition must be filed in the same proceedings in which the order or judgment was entered but is not a continuation thereof. The petition must be supported by affidavit or other appropriate showing as to matters not of record. All parties to the petition

_____

[12]The parties make arguments on this appeal concerning the timeliness of petitioner's petition and whether she exercised due diligence in filing it. However, the trial court's written order stated that it was holding only that petitioner was "without standing to maintain this action." Thus, those issues are not before us on this appeal.

shall be notified as provided by rule." 735 ILCS 5/2-1401(b) (West 2014). "[T]he petition must be filed not later than 2 years after the entry of the order of judgment." 735 ILCS 5/2-1401(c) (West 2014).

"[A] section 2-1401 petition is ordinarily used to bring facts to the attention of the trial court which, if known at the time of judgment, would have precluded its entry," and it also may "be used to challenge a purportedly defective judgment for legal reasons." *Paul*, 223 Ill. 2d at 94.

## II. Standard of Review

Where the success of a section 2-1401 petition is dependent entirely on the interpretation of a rule or statute, that legal issue will be reviewed *de novo*. *Paul*, 223 Ill. 2d at 98. In the case at bar, we are faced with an entirely legal question, namely, which statutory section governs the issue of standing and whether the appropriate section permits petitioner to have standing. Thus, *de novo* review applies.

In addition, when a trial court enters judgment on the pleadings alone or grants a motion to dismiss a section 2-1401 petition due to a failure to state a cause of action or due to a legal insufficiency, we apply a *de novo* standard of review. *People v. Vincent*, 226 Ill. 2d 1, 13-18. (2007). Thus, *de novo* review also applies for this reason.

"A *de novo* review entails performing the same analysis a trial court would perform. That is, we accept all well-pleaded facts in the [petition] as true while disregarding legal or factual conclusions unsupported by allegations of fact. [Citation.] From the well-pleaded facts, we draw inferences in the [petitioner's] favor whenever it would be reasonably defensible to do so. [Citation.]" *Khan v. BDO Seidman, LLP*, 408 Ill. App. 3d 564, 578 (2011).

## III. Standing

The issue before us is whether petitioner has standing. "Under Illinois law, lack of standing is an affirmative defense. A plaintiff need not allege facts establishing that he [or she] has standing to proceed. Rather, it is the defendant's burden to plead and prove lack of standing." *Wexler v. Wirtz Corp.*, 211 Ill. 2d 18, 22 (2004). "Where a plaintiff has no standing, the proceedings must be dismissed" because "lack of standing negates a plaintiff's cause of action." *Wexler*, 211 Ill. 2d at 22. The issue of a plaintiff's standing presents a question of law, which we also review *de novo*. *Wexler*, 211 Ill. 2d at 23.

## IV. Statutory Interpretation

On this appeal, petitioner claims that article I, section 8.1, of the Illinois Constitution (Ill. Const. 1970, art. I, § 8.1) and section 2-408 of the Code (735 ILCS 5/2-408 (West 2012)) govern the standing issue, while the State and defendant argue that section 2-702 of the Code applies. 735 ILCS 5/2-702(e) (West 2012) (describing who "shall have the right to intervene as parties" with a petition for certificate of innocence). We must interpret these sections to ascertain whether any of these sections permit petitioner to have standing.

With both constitutional and statutory interpretation, our primary goal is to ascertain the drafters' intent, and the best indication of their intent is the plain language of their words. *MD Electrical Contractors, Inc. v. Abrams*, 228 Ill. 2d 281, 287 (2008). However, when interpreting a constitution or statute, we do not read a portion of it in isolation; instead, we read

it in its entirety, keeping in mind the subject it addresses and the drafters' apparent objective in enacting it. *MD Electrical Contractors*, 228 Ill. 2d at 287.

¶ 31                                                                      V. Section 2-702

¶ 32       The State and defendant argue that section 2-702 takes precedence in our determination of standing.

¶ 33       Section 2-702 permits a criminal defendant to move the court for a certificate of innocence if (1) his or her conviction was reversed or vacated and the indictment or information was dismissed or (2) a new trial was ordered and either (a) he or she was found not guilty at the new trial or (b) no retrial was held and the indictment or information was dismissed or (3) the statute upon which the indictment or information was based was declared unconstitutional. 735 ILCS 5/2-702(c)(2) (West 2012).

¶ 34       Section 2-702 requires the criminal defendant to serve only the Attorney General and the State's Attorney. Section 2-702(e) provides: "A copy of the petition shall be served on the Attorney General and the State's Attorney of the county where the conviction was had. The Attorney General and the State's Attorney of the county where the conviction was had *shall have the right to intervene* as parties." (Emphasis added.) 735 ILCS 5/2-702(e) (West 2012).[13] "Under the maxim of *expressio unius est exclusio alterious*, the enumeration of an exception in a statute is considered to be an exclusion of all other exceptions." *Schultz v. Performance Lighting, Inc.*, 2013 IL 115738, ¶ 17 (citing *People ex rel. Sherman v. Cryns*, 203 Ill. 2d 264, 286 (2003)). This rule is based on " 'logic and common sense,' " as it is " 'common experience' " that " 'when people say one thing' " they do not intend another. (Internal quotation marks omitted.) *Schultz*, 2013 IL 113776, ¶ 17 (quoting *Cryns*, 203 Ill. 2d at 286). "When a statute lists the things to which it refers, there is an inference that all omissions should be understood as exclusions, despite the lack of any negative words of limitation." *In re C.C.*, 2011 IL 111795, ¶ 34. Thus, this section provides only the Attorney General and the State's Attorney with the right to intervene, and petitioner does not have that right. See also *In re C.C.*, 2011 IL 111795, ¶ 34 (where a statutory section lists "those that are necessary parties to the proceedings," the omission of "others from that list should be understood as an exclusion").

¶ 35       Even if we were to find that section 2-702 did not *prohibit* petitioner's intervention, it certainly does not *authorize* it, and petitioner does not argue that it does. Thus, petitioner would still need another statute or theory that does *authorize* her intervention and provide her with standing. As we discuss below, there is none.

¶ 36       Petitioner claims in her appellate brief that defendant's certificate of innocence "exposes her to considerable financial liability, including the potential for punitive damages." However, section 2-702(j) specifically provides that: "The decision to grant or deny a certificate of innocence shall be binding only with respect to claims filed in the Court of Claims and shall not have a res judicata effect on any other proceedings." 735 ILCS 5/2-702(j) (West 2012).

---

[13]In the case at bar, the Attorney General and the State's Attorney do not claim that defendant failed to effect proper service on them. However, in the court below, petitioner claimed, in her brief in response to defendant's motion to strike, that defendant had failed to provide notice to the Attorney General's office when he sought his certificate of innocence, as required by section 2-702(e) (735 ILCS 5/2-702(e) (West 2012)). On appeal, petitioner does not pursue this argument.

Thus, we do not find this claim persuasive.

¶ 37                                    VI. Section 2-408

¶ 38        Petitioner argues that both article I, section 8.1, of the Illinois Constitution (Ill. Const. 1970, art. I, § 8.1), and section 2-408 (735 ILCS 5/2-408 (West 2012))[14] provide her with standing. Since we turn to constitutional issues only as a last resort, we turn first to petitioner's statutory argument. *In re E.H.*, 224 Ill. 2d 172, 178 (2006) ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort").

¶ 39        On this appeal, petitioner argues that section 2-408 of the Code (735 ILCS 5/2-408 (West 2014)) provides her with standing. However, in the court below, petitioner initially argued just the opposite. In her initial brief to the trial court, petitioner stated unequivocally that she was "not attempting to intervene under 735 ILCS 5/2-408 *** as [defendant] tries to claim; therefore any argument relating to intervening under Section 2-408 is irrelevant to the issue of standing."[15] Despite this unequivocal statement, petitioner argued in her reply brief for intervention under section 2-408 without indicating that she was switching positions.

¶ 40        The reply brief is not the place to raise new arguments and switch positions, and normally arguments raised there for the first time are considered forfeited.[16] Nonetheless, since the State and defendant were permitted to submit briefs in the trial court after petitioner's reply brief, and the parties argued the issue at the hearing before the trial court, we will consider it.

¶ 41        Petitioner argues that section 2-408 of the Code (735 ILCS 5/2-408 (West 2014)) provides her with standing under both subsection (a), which authorizes certain interventions as of right, and subsection (b), which governs permissive interventions.[17]

---

[14]Since this section was last amended in 1982, it makes little difference which code year is cited.

[15]The State argues that, as a result, petitioner has forfeited her right to have this issue reviewed on appeal. The State is correct that a person cannot invite the trial court to take an action and then complain about that same action in a reviewing court. *People v. Ciborowski*, 2016 IL App (1st) 143352, ¶ 99; *Lozman v. Putnam*, 379 Ill. App. 3d 807, 828-29 (2008). The Illinois Supreme Court has held, under " 'the doctrine of invited error,' " that a party " 'may not request to proceed in one manner and then later contend on appeal that the course of action was in error.' " *People v. Harvey*, 211 Ill. 2d 368, 385 (2004) (quoting *People v. Carter*, 208 Ill. 2d 309, 319 (2003)). However, for the reasons explained in the text, we will consider it.

[16]"Almost a century ago, our supreme court noted, 'Under the rules of this court and its long[-]settled practice, questions not raised *** in the original brief cannot be raised in the reply brief. A contrary practice would permit [movants] to argue questions in their reply briefs as to which counsel for [their opponents] would have no opportunity to reply. Th[ese] question[s] therefore need not be considered.' " *People v. English*, 2011 IL App (3d) 100764, ¶ 22 (quoting *Holliday v. Shepherd*, 269 Ill. 429, 436 (1915)).

[17]This section, which provides a right of intervention, is part of the Code of Civil Procedure, and hence, one could argue that it provides a right to intervene in civil cases only. While a proceeding under section 2-1401 is a civil proceeding, what petitioner ultimately seeks is the right to intervene to prevent the expungement of defendant's *criminal* conviction. 735 ILCS 5/2-702(h) (West 2012). However, we do not find this to be a stumbling block because the proceeding to obtain a certificate of innocence is also provided for in the Code of Civil Procedure. 735 ILCS 5/2-702 (West 2012).

¶ 42 Petitioner argues that she has standing under the portion of subsection (a) which provides for intervention "as of right":

"(2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant will or may be bound by an order or judgment in the action." 735 ILCS 5/2-408(a)(2) (West 2014).

To qualify under the above subsection, petitioner must show that she "may be *bound* by an order *** in the action." (Emphasis added.) 735 ILCS 5/2-408(a)(2) (West 2014).[18] However, as we already noted above, a different section of the same Code guarantees that "[t]he decision to grant or deny a certificate of innocence shall be *binding* only with respect to claims filed in the Court of Claims and shall not have a res judicata effect on any other proceedings." (Emphasis added.) 735 ILCS 5/2-702(j) (West 2012). The drafters of the Code chose to use the exact same word in both provisions, since "bound" is simply the past tense of "bind." Grammarist, http://www.grammarist.com/usage/bound-bounded (last visited Aug. 22, 2016). Thus, the drafters already considered and addressed petitioner's concern. In sum, to qualify under section 2-408(a)(2), she must show that she "may be bound" (735 ILCS 5/2-408(a)(2) (West 2014)), but a subsequent section of the same Code states not only that she cannot be, but that she cannot be in "any other proceedings." 735 ILCS 5/2-702(j) (West 2012). As a result, section 2-408(a)(2) does not provide petitioner with standing.

¶ 43 Petitioner also argues that she has standing under the portion of subsection (b) which provides for intervention "in the discretion of the court":

"(1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common." 735 ILCS 5/2-408(b) (West 2014).

Petitioner argues that she has standing under subsection (1), quoted above, because article I, section 8.1, of the Illinois Constitution grants her a conditional right to intervene. Since this is just a rephrasing of her constitutional argument, we will address it when we discuss the constitutional issue in the next section.

¶ 44 As for subsection (2), quoted above, there is no question that an abuse of discretion standard applies, since the statute specifically states that the intervention is "in the discretion of the court." 735 ILCS 5/2-408(b) (West 2014); see also *People ex rel. Birkett v. City of Chicago*, 202 Ill. 2d 36, 58 (2002) ("The decision to allow or deny intervention, whether permissively or as of right, is a matter of sound judicial discretion that will not be reversed absent an abuse of that discretion."). "An abuse of discretion occurs only when the trial court's

_____

[18]In support of her argument that she may be bound, petitioner cites an unpublished Illinois circuit court order. In response, defendant argues that unpublished orders are "not binding or precedential on our court," and he is correct. *FHP Tectonics Corp. v. American Home Assurance Co.*, 2016 IL App (1st) 130291, ¶ 45 n.4 (citing *King's Health Spa, Inc. v. Village of Downers Grove*, 2014 IL App (2d) 130825, ¶ 63). In general, we do not cite unreported cases. *State Farm Mutual Automobile Insurance Co. v. Progressive Northern Insurance Co.*, 2015 IL App (1st) 140447, ¶ 101 ("[W]e will not cite an unreported case."); *Skokie Castings, Inc. v. Illinois Insurance Guaranty Fund*, 2012 IL App (1st) 111533, ¶ 15 ("an unreported case" is "not binding on any court"); *People v. Moore*, 243 Ill. App. 3d 583, 584 (1993) ("the decision was unreported and of no precedential value"). "Unreported decisions have no precedential value." *American Family Mutual Insurance Co. v. Plunkett*, 2014 IL App (1st) 131631, ¶ 38. Nonetheless, we consider her claim.

decision is arbitrary, fanciful or unreasonable or where no reasonable person would take the view adopted by the trial court." *Seymour v. Collins*, 2015 IL 118432, ¶ 41.

¶ 45 Petitioner argues that the trial court abused its discretion in denying her a permissive intervention under subsection (2) because defendant's federal section 1983 suit has "questions of fact in common" with the prior certificate-of-innocence petition. Petitioner makes this argument in one line in her brief without any cases or secondary authority cited in support. In response, defendant argues that petitioner does not make "even a pretense of arguing" the point and does not cite authority because "[t]here is no authority for finding that a court abuses its discretion for failing to find standing and reopen a completed case merely because there were possible factual issues in common with another" subsequent suit.[19] Like both petitioner and defendant, we also cannot find authority in support and thus do not find this argument persuasive. *Birkett*, 202 Ill. 2d at 57 ("The purpose" of the civil intervention statute is "to avoid, upon timely application, the relitigation of issues in a second suit which were being litigated in a *pending* action." (Emphasis added.)).

¶ 46                                     VII. Illinois Constitution

¶ 47 Petitioner also argues that article I, section 8.1, of the Illinois Constitution (Ill. Const. 1970, art. I, § 8.1) provides her with standing and takes precedence over section 2-702 (735 ILCS 5/2-702 (West 2012)).

¶ 48 Article I, section 8.1 is entitled "Crime Victims' Rights." On November 19, 2013, which is when the trial court granted defendant's certificate of innocence, section 8.1 provided in relevant part:

> "(a) Crime victims, as defined by law, shall have the following rights as provided by law:
>
> ***
>
> (2) The right to notification of court proceedings.
>
> * * *
>
> (5) The right to information about the conviction, sentence, imprisonment, and release of the accused.
>
> * * *

---

[19]Where a party made a "claim in one line without any factual support or legal argument," this court found it forfeited. *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008). This court has repeatedly held that a party forfeits a point by failing to argue it. *Lozman*, 379 Ill. App. 3d at 824; *Roiser v. Cascade Mountain, Inc.*, 367 Ill. App. 3d 559, 568 (2006) (by failing to offer supporting legal authority or "any reasoned argument," plaintiffs forfeited consideration of their theory); *People v. Ward*, 215 Ill. 2d 317, 332 (2005) ("point raised in a brief but not supported by citation to relevant authority *** is therefore forfeited"); *In re Marriage of Bates*, 212 Ill. 2d 489, 517 (2004) ("A reviewing court is entitled to have issues clearly defined with relevant authority cited."); *Ferguson v. Bill Berger Associates, Inc.*, 302 Ill. App. 3d 61, 78 (1998) ("it is not necessary to decide this question since the defendant has waived the issue" by failing to offer case citation of other support as Illinois Supreme Court Rule 341 requires); Ill. S. Ct. R. 341(h)(7) (eff. Jan. 1, 2016) (the argument section of the appellant's brief "shall contain the contentions of the appellant *** with citation of the authorities *** relied on").

(8) The right to be present at the trial and all other court proceedings on the same basis as the accused, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.

(9) The right to have present at all court proceedings, subject to the rules of evidence, an advocate or other support person of the victim's choice." Ill. Const. 1970, art. I, § 8.1(a) (amended 1992).

¶ 49 On November 4, 2014, which was just over a month before petitioner filed her section 2-1401 petition, article I, section 8.1, was amended. We repeat below the portion that was quoted above, with the portions that were changed or added shown in italics and with omitted portions indicated by brackets:

"(a) Crime victims, as defined by law, shall have the following rights:

* * *

(*3*) The right to *timely* notification of *all* court proceedings.

* * *

(*6*) The right *to be notified of* the conviction, *the* sentence, *the* imprisonment, and *the* release of the accused.

* * *

(*10*) The right to be present at the trial and all other court proceedings on the same basis as the accused, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial.

(*11*) The right to have present at all court proceedings, subject to the rules of evidence, an advocate *and* other support person of the victim's choice." (Emphases added.) Ill. Const. 1970, art. I, § 8.1(a) (amended 2014).

¶ 50 In addition, the following section was added to article I, section 8.1 on November 4, 2014, to provide standing to a victim as follows:

"(b) The victim has standing to assert the rights enumerated in subsection (a) in any court exercising jurisdiction over the case. The court shall promptly rule on a victim's request. The victim does not have party status. The accused does not have standing to assert the rights of a victim. The court shall not appoint an attorney for the victim under this Section. Nothing in this Section shall be construed to alter the powers, duties, and responsibilities of the prosecuting attorney." Ill. Const. 1970, art. I, § 8.1(b) (amended 2014).

¶ 51 Before the trial court and before this court, petitioner argues that the 2014 amendments have retroactive application to defendant's certificate of innocence, which the trial court granted in 2013.

¶ 52 However, before we can determine whether petitioner can benefit from the 2014 amendments, we must determine if she qualifies as a "victim." In both the 1992 and 2014 versions, article I, section 8.1, stated that it applied to "[c]rime victims" and that the term "[c]rime victim[ ]" was "defined by law." Ill. Const. 1970, art. I, § 8.1(a). That "law" is the Rights of Crime Victims and Witnesses Act (Act) which states that "[t]he purpose of this Act is

to implement *** the rights guaranteed to crime victims by Article 1, Section 8.1 of the Illinois Constitution" (725 ILCS 120/2 (West 2012)).[20]

¶ 53     The Act has been amended every year from 2010 through 2016. However, the definition of the term "victim" was the same on November 19, 2013, when the trial court ordered defendant's certificate of innocence,[21] as it was when the parties argued about standing before the trial court in 2014 and 2015.

¶ 54     At that time, the Act defined the term "[c]rime victim," in relevant part, as follows:

> "(a) 'Crime victim' and 'victim' mean (1) a person physically injured in this State as a result of a violent crime perpetuated or attempted against that person or (2) a person who suffers injury to or loss of property as a result of a violent crime perpetuated or attempted against that person or *** (4) any person against whom a violent crime has been committed ***." 725 ILCS 120/3(a) (West 2012).

¶ 55     Before the trial court, petitioner argued that she qualified as a victim under subsections (1) and (4), quoted above. *People v. Chatman*, No. 02 CR 14572, slip op. at 4 (Cir. Ct. Cook Co.) (discussing petitioner's argument).[22]

¶ 56     Before this court, petitioner argues that she qualifies as a victim under the definition provided in the same section but in the version which became effective on August 20, 2015. The trial court granted defendant's and the State's motions to dismiss on July 20, 2015, and exactly a month later, a new definition took effect on August 20, 2015.[23] It is this 2015 definition that petitioner sets forth in her brief to this court,[24] and it states in relevant part:

> "(a) 'Crime victim' or 'victim' means: (1) any natural person determined by the prosecutor or the court to have suffered direct physical or psychological harm as a result of a violent crime perpetuated or attempted against that person ***." Pub. Act 99-413 (eff. Aug. 20, 2015) (amending 725 ILCS 120/3(a) (West 2014)).

¶ 57     It is interesting that petitioner would argue for the 2015 definition when, by the time that defendant sought his certificate of innocence, it had been "determined by the prosecutor" that petitioner had *not* suffered harm "as a result of a violent crime." Pub. Act 99-413 (eff. Aug. 20, 2015) (amending 725 ILCS 120/3(a) (West 2014)).

¶ 58     However, petitioner faces a conundrum. She cannot argue for the retroactivity of the new constitutional amendment about standing, without also arguing for the retroactivity of the new

---

[20]The quoted language has been in effect since 1994 (Pub. Act 88-489, §10 (eff. Jan. 1, 1994)) and is still in effect (725 ILCS 120/2 (West Supp. 2015)).

[21]The version of the Act contained in the 2012 Illinois Compiled Statutes was last amended effective January 25, 2013, and thus was the version in effect when the trial court ordered defendant's certificate of innocence on November 19, 2013, and thus the version in effect when the claimed error occurred.

[22]Petitioner argued this version of the statute both in her briefs to the trial court and also at the hearing before the trial court on the motion to dismiss for lack of standing.

[23]As petitioner observes in her brief, she filed her notice of appeal on August 17, 2015, and the new statute took effect three days later on August 20, 2015.

[24]Petitioner included the 2015 version of the Act in an appendix to her brief. This definition remained the same in the 2016 amendments. Pub. Act 99-671 (eff. Jan. 1, 2017).

statutory amendment that implements it.[25] Petitioner cannot argue that whatever section most favors her is the one that should apply. Either we need to apply the constitutional amendment *and* statute that were in effect when the certificate of innocence was granted or we need to apply the constitutional amendment and statute that are now in effect and find that they apply retroactively. But petitioner is well aware that we cannot apply the *new* constitutional amendment *with* the *old* implementing statute.

¶ 59    Recognizing this fact, petitioner argues for the *new* constitutional amendment that grants standing and the *new* statute that implements it. Thus, we will address the argument that petitioner now makes to us on appeal.

¶ 60    Since we should turn to constitutional issues only as a last resort, we will examine the implementing statute first. *In re E.H.*, 224 Ill. 2d at 178 ("cases should be decided on nonconstitutional grounds whenever possible, reaching constitutional issues only as a last resort"). Interpreting the new definition is a question of first impression.

¶ 61    The new definition gives the courts and the prosecutor the power to decide who is, and is not, a victim. The old definition used the term "victim" but left open the question of who had the power to decide that complainants qualified as "victim[s]." In essence, the new implementing statute, which became law on August 20, 2015, answered the question which the trial court posed on July 20, 2015: "how is it established that one is, or is not, a 'victim'? Obviously, [petitioner] claims that she is and always has been [while] *** [defendant] has always believed that she was not." *People v. Chatman*, No. 02 CR 14572, slip op. at 4 (Cir. Ct. Cook Co.).

¶ 62    Although petitioner was definitely the complainant in the underlying criminal action, that does not necessarily mean that she was a victim. The terms "complainant" and "victim" are not the same. A "complainant" or "complaining witness" is "the party who makes the complaint in a legal action or proceeding" (Merriam-Webster Online Dictionary, http://www.merriam-webster.com/dictionary/complainant (last visited Aug. 22, 2016), while a "victim" is someone who is "determined *** to have suffered" actual harm. 725 ILCS 120/3(a) (West Supp. 2015).[26]

¶ 63    On appeal, petitioner argues that the courts and prosecutor "determined" that she was a victim when the prosecutor indicted defendant, a jury convicted him and the appellate court affirmed his conviction on appeal. See 725 ILCS 120/3(a) (West Supp. 2015). She argues that

---

[25]Petitioner concedes in her appellate brief that the purpose of the 2015 statutory amendment was to implement the new constitutional amendment, and the legislative history leaves no doubt that this was the purpose. Representative Lang, the sponsor of the bill, stated that "last year we put on the ballot and passed a crime victim's Constitutional Amendment. This Bill, House Bill 1121, embodies the enabling language so that prosecutors and courts and victims and defendants all know what their rights and responsibilities are under that Constitutional Amendment." 99th Ill. Gen. Assem., House Proceedings, Apr. 23, 2015, at 115 (statements of Representative Lang). Thus, petitioner cannot argue for one without the other.

[26]Our legislature is well aware of the difference between the two terms, choosing to use the two terms in different places in our statutes for different ends. *E.g.*, 55 ILCS 5/3-9005(a)(10) (West 2014) (a State's Attorney has a duty to "notify, by first class mail, complaining witnesses of the ultimate disposition of the cases arising from an indictment or an information"); see also 730 ILCS 105/35(c) (West 2014) (referring "to a victim *or* complaining witness" (emphasis added)).

the prosecutor's subsequent decision to ask that the conviction be vacated and the trial court's decision to vacate that conviction and order the immediate release of defendant should have no effect on our decision. Petitioner characterizes the court's order as simply a *nolle prosequi* and argues that a simple *nolle prosequi* is not a determination by the prosecutor or the court.[27]

¶ 64      Petitioner is correct that the significance of a *nolle prosequi* can be ambiguous. A *nolle prosequi* is a "formal entry of record" of the decision by a prosecutor that he or she is no longer willing to prosecute a charge, and that decision can occur for any number of different reasons. *People v. Hughes*, 2012 IL 112817, ¶ 22 (a *nolle prosequi* signifies only a prosecutor's "unwillingness to prosecute a charge"); *People v. Artis*, 232 Ill. 2d 156, 169 (2009) (same).

¶ 65      However, what happened here was not simply a nol pros, although the prosecutor used that phrase in his motion. "[T]he power of the prosecutor to nol-pros a charge extends throughout the trial proceedings" and "up until" the moment that "sentence is imposed." *Artis*, 232 Ill. 2d at 169. In the case at bar, not only was sentence already imposed but the appeal was over, and there were no criminal proceedings pending in state court[28] when the State moved to vacate defendant's conviction.[29] This was not simply a *nolle prosequi*, but a determination by the prosecutor and court that defendant's conviction and sentence had to be vacated. The trial

[27]In support of her proposition that a *nolle prosequi* is not a determination, petitioner cites one unpublished federal district case. First, the numbers in the citation were incorrect, such that you could not locate the case with the citation provided. Second, this court has stated repeatedly that unpublished federal district orders are "not binding or precedential on our court." *FHP Tectonics Corp.*, 2016 IL App (1st) 130291, ¶ 45 n.4 (citing *King's Health Spa*, 2014 IL App (2d) 130825, ¶ 63). In general, we do not cite unreported cases. *State Farm*, 2015 IL App (1st) 140447, ¶ 101 ("We will not cite an unreported case."); *Skokie Castings*, 2012 IL App (1st) 111533, ¶ 15 ("an unreported case" is "not binding on any court"); *People v. Moore*, 243 Ill. App. 3d 583, 584 (1993) ("the decision was unreported and of no precedential value"). "Unreported decisions have no precedential value, and this is even more true for decisions from foreign jurisdictions." *American Family Mutual Insurance Co.*, 2014 IL App (1st) 131631, ¶ 38; *Burnette v. Stroger*, 389 Ill. App. 3d 321, 329 (2009); *West American Insurance Co. v. J.R. Construction Co.*, 334 Ill. App. 3d 75, 82 (2002) (a "foreign unreported decision" is of "no precedential value"). Specifically, with respect to unpublished federal cases, this court has held that they do not carry any authority before an Illinois court. *Lyons v. Ryan*, 324 Ill. App. 3d 1094, 1107 n.11 (2001) ("unreported federal court orders" are not "any kind of authority before an Illinois court"); *Sompolski v. Miller*, 239 Ill. App. 3d 1087, 1093 (1992) ("we decline" to follow "an unreported Federal district court decision"). Nonetheless, we will consider the logic and reasoning of petitioner's argument.

[28]Defendant had filed a *habeas* petition in federal court on May 20, 2011.

[29]The State moved to vacate defendant's conviction and sentence pursuant to section 2-1401, which required filing "not later than 2 years after the entry of the order or judgment." 735 ILCS 5/2-1401(c) (West 2012). However, there is an exception for recent DNA testing (735 ILCS 5/2-1401(c) (West 2012)), and both petitioner and defendant refer repeatedly in their appellate briefs to "recent DNA testing," although without citations to the appellate record. In addition, under "the revestment doctrine," a trial court is revested with jurisdiction over a previously closed matter if both parties "(1) actively participate in the proceedings; (2) fail to object to the untimeliness of the late filing; *and* (3) assert positions that make the proceedings inconsistent with the merits of the prior judgment and support the setting aside of at least part of that judgment." (Emphasis in original.) *People v. Bailey*, 2014 IL 115459, ¶ 25. Whether the trial court acted pursuant to section 2-1401 or pursuant to the revestment doctrine, its order was still not a *nolle prosequi* and its order did not use that term.

court, which is presumed to know the law, did not use that phrase in its order. *People v. Phillips*, 392 Ill. App. 3d 243, 265 (2009) ("a trial court is presumed to know the law and apply it properly"); *In re N.B.*, 191 Ill. 2d 338, 345 (2000) ("The circuit court is presumed to know the law and apply it properly, absent an affirmative showing to the contrary in the record."); *People v. Howery*, 178 Ill. 2d 1, 32 (1997) ("the trial court is presumed to know the law and apply it properly"; only "when the record contains strong affirmative evidence to the contrary" is "that presumption *** rebutted").

¶ 66    Petitioner does not contest the propriety of the trial court's decision and does not provide a transcript or bystander's report for those proceedings. Thus, we must presume that the order was properly entered. *Foutch*, 99 Ill. 2d at 391-92 ("an appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim or error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis").

¶ 67    In light of the subsequent determination by the court and prosecutor[30] to vacate defendant's conviction and sentence, petitioner was no longer a victim and hence was no longer an intended beneficiary of the new implementing statute.

¶ 68    Since the new implementing statute does not aid petitioner, we do not need to consider its retroactive effect, and since petitioner has abandoned on appeal any arguments under the old statute, those have been forfeited for our consideration. *E.g.*, *People v. Montes*, 2015 IL App (2d) 140485, ¶ 15 n.1 ("Defendant abandons this claim on appeal and, therefore, we do not address it further."). See also *People v. Pendleton*, 223 Ill. 2d 458, 476 (2006) (any issue that an appellant fails to raise in the appellate court is forfeited for further review). Thus, we must conclude that the petitioner lacks standing under the enabling statute where she fails to meet the definition of a victim.

¶ 69                    VIII. Necessary Party and Nonparty

¶ 70    Petitioner also argues that she is both a necessary party and a qualifying nonparty. Petitioner claims (1) that she was a necessary party to defendant's action for a certificate of innocence because she had " 'a present, substantial interest in the matter being litigated' " (*City of Elgin v. Arch Insurance Co.*, 2015 IL App (2d) 150013, ¶ 34 (quoting *Cameron v. Bartels*, 214 Ill. App. 3d 69, 75-76 (1991))) and (2) that she has standing as a nonparty to file a section 2-1401 petition because she was injured by the certificate of innocence. *Hurlbert v. Brewer*, 386 Ill. App. 3d 1096, 1102 (2008).[31] She claims that her "injury'" and "substantial

---

[30]Although we use the word "and" in this sentence, the statute provides that this determination may be made by either "the prosecutor *or* the court." (Emphasis added.) 725 ILCS 120/3(a) (West Supp. 2015). Thus, a determination by both is not required.

[31]"A nonparty to a judgment has no standing to seek relief from that judgment by filing a section 2-1401 petition. [Citation.] Section 2-1401 was never intended to permit a person not a party to the action to intervene after final judgment and reopen the suit so as to permit a new claim to be filed." *In re J.D.*, 317 Ill. App. 3d 445, 449-50 (2000); see also *Hurlbert*, 386 Ill. App. 3d at 1102. However, a few narrow exceptions have been recognized to this rule. *Hurlbert*, 386 Ill. App. 3d at 1102. A nonparty may seek relief under section 2-1401 if the party is "(1) privy to the record, (2) injured by the judgment and will derive benefit from its reversal, or (3) competent to release error." *Hurlbert*, 386 Ill. App. 3d at 1102. Petitioner argues for nonparty status only under the second prong.

present interest" stem from (1) her "interest in not seeing her rapist released from prison" and the ensuing damage to her reputation and (2) the possibility that the certificate of innocence "may" affect her success in the subsequently filed federal action. First, the order that released defendant from prison was not the certificate of innocence, which is at issue in this appeal, but the order vacating his conviction, which petitioner does not challenge. Second, as we discussed above, the certificate of innocence was granted pursuant to section 2-702, which specifically provides that it "shall be binding only with respect to claims filed in the Court of Claims and shall not have a res judicata effect on any other proceedings." 735 ILCS 5/2-702(j) (West 2012).

¶ 71 Our supreme court has held that where a statutory section lists "those that are necessary parties to the proceedings," the omission of "others from that list should be understood as an exclusion." See *In re C.C.*, 2011 IL 111795, ¶ 34. Petitioner's "necessary party" and "nonparty" arguments are just another way of re-arguing her section 2-702 and enabling statute arguments. Those statutes defined with precision and specificity who qualified as an intervening party or as a victim, and her argument here must fail for the same reasons.

¶ 72                                               CONCLUSION

¶ 73 For the foregoing reasons, we affirm the trial court's order dismissing petitioner's section 2-1401 petition for lack of standing, finding that petitioner lacks standing under sections 2-702, 2-408, and 2-401 of the Code of Civil Procedure and section 120-3 of the Code of Criminal Procedure of 1963. None of these sections provide petitioner with standing.

¶ 74        Affirmed.

¶ 75        JUSTICE LAMPKIN, specially concurring.

¶ 76        I concur in the judgment only.