2019 IL App (1st) 190103-U

SIXTH DIVISION
November 1, 2019

No. 1-19-0103

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| RAYMOND DAVIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 18 M1 450277 |
| | ) | |
| CITY OF CHICAGO, DEPARTMENT OF | ) | |
| ADMINISTRATIVE HEARINGS, | ) | Honorable |
| | ) | Joseph M. Sconza, |
| Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We find no error in city imposing a penalty and fees for its towing of a vehicle driven without a valid license, where city stated a *prima facie* case under its ordinance and vehicle's owner did not present evidence contradicting that case.

¶ 2    Plaintiff Raymond Davis appeals *pro se* from an order of the circuit court affirming the decision of defendant Department of Administrative Hearings (Department) of defendant City of Chicago (City) to find plaintiff liable for his vehicle being operated by a person with a suspended or revoked license, imposing $2090 in penalties and fees. On appeal, plaintiff challenges the

Department's decision and the City's authority over him. For the reasons stated below, we affirm the decision of the Department.

¶ 3                                    I. JURISDICTION

¶ 4    The Department found defendant liable and imposed penalties and fees on August 1, 2018. Plaintiff filed a *pro se* complaint for administrative review in the circuit court on August 8, 2018. 735 ILCS 5/3-103 (West 2018) (administrative review complaint to be filed within 35 days of service of the administrative decision). The circuit court affirmed the Department's decision on January 14, 2019, and plaintiff filed his notice of appeal that same day. Accordingly, this court has jurisdiction over this matter pursuant to article VI, section 6 of the Illinois Constitution, and Illinois Supreme Court Rules 301 (eff. Feb. 1, 1994) and 303 (eff. July 1, 2017).

¶ 5                                    II. BACKGROUND

¶ 6    On July 4, 2018, a vehicle impoundment and seizure report was issued by City police, indicating that a certain vehicle was impounded and towed on that day by the City for the offense of driving with a suspended or revoked license in violation of Chicago Municipal Code (City Code) section 9-80-240 (amended Nov. 16, 2011). The report indicated that plaintiff was the registered owner of the vehicle and resided at a certain address, while the driver and "violator" on that day, to whom the report was issued, was Raymond L. Davis of a different residential address whose driving license was allegedly suspended. The report alleged that "owner of vehicle is driver's father." It also alleged that a police officer saw the vehicle "fail to signal while exiting the driving lane," stopped the vehicle, "and asked driver for [license], name check revealed suspended."

¶ 7    On July 6, plaintiff appeared before a Department administrative law judge (judge) and argued that he was not the person who was driving his vehicle on the day in question. The judge continued the case for a hearing in which plaintiff could contest the impoundment of his vehicle.

¶ 8 The hearing was held on August 1, 2018. A City police officer testified to seeing a vehicle on July 4, 2018, "pulled to the side without utilizing signal" and therefore conducting a traffic stop of the vehicle. During the stop, computer checks showed that the driver had a suspended driving license and that plaintiff was the vehicle's owner. A Secretary of State driving abstract record, showing that the driver's license was suspended as of July 4, was entered into evidence at the hearing; the judge overruled plaintiff's hearsay objection, finding the record to be a business record. The officer prepared and signed a vehicle impound form. On cross-examination, the officer reiterated that the driver "pulled over without using the signal."

¶ 9 Plaintiff argued that witnesses he spoke with would contradict the officer's testimony, but he presented no witnesses. Plaintiff argued that "this case was already dismissed in the court" and presented court documents showing that citations of the driver for improper turn signal usage and driving on a suspended or revoked license had been nol prossed. The judge ruled that "the fact that [your] underlying traffic citations were dismissed are not grounds for me to dismiss this case" because the traffic citation was a criminal or traffic case while the instant case was "a civil forfeiture case." The judge found plaintiff liable under the ordinance and found that the impoundment of his vehicle was proper as the City's evidence of an ordinance violation was not contradicted.

¶ 10 On August 1, 2018, the Department issued an order finding plaintiff liable under Code section 9-80-240 for his vehicle being operated by a person with a suspended or revoked license. The order indicated that it was a "contested finding." The Department imposed $1000 in penalties, a $150 towing fee, and a $940 storage fee. Plaintiff was also "ordered to come into immediate compliance with any/all outstanding Code violations."

¶ 11 Plaintiff filed a *pro se* complaint for administrative review in the circuit court on August 8, 2018. On September 4, 2018, the court ordered in relevant part that the "City is to take no

action against this vehicle while this case is pending." The City appeared and filed the record of the Department proceedings.

¶ 12    On January 14, 2019, the circuit court issued an order stating that it was "fully advised" and that the "decision of the [Department] is AFFIRMED. The Findings, Decision and Order entered in the [Department case] will stand and is a debt due and owing the City." This appeal timely followed.

¶ 13                                III. ANALYSIS

¶ 14    On appeal, plaintiff contends *pro se* that his right to due process under the United States and Illinois constitutions means that he is "subject only to judicial powers, not legislative powers." He also contends that the Department's decision is erroneous because the police stop of his vehicle was illegal and because the traffic citations of the driver for a signal violation and driving on a suspended license were nol prossed before his Department hearing.

¶ 15    We shall briefly dispose of the first contention. The Illinois constitution expressly authorizes "any municipality which has a population of more than 25,000" – thus including the City – to "exercise any power and perform any function pertaining to its government and affairs including, but not limited to, the power to regulate for the protection of the public health, safety, morals and welfare; to license; to tax; and to incur debt," subject to specific limitations not applicable here. Ill. Const. 1970, Art. VII, § 6. No authority supports plaintiff's proposition that, under our constitution, he is not subject to the City's authority to adopt and enforce legislation such as the ordinance at issue here.

¶ 16    Code section 9-80-240(a) (amend. Nov. 16, 2011) provides that the "owner of record of any motor vehicle that is operated by a person with a suspended or revoked driver's license shall be liable to the city for an administrative penalty of $1,000 plus any applicable towing and storage fees. Any such vehicle shall be subject to seizure and impoundment."

¶ 17    On appeal in an administrative review case, we review the determination of the administrative agency – here, the Department – not that of the circuit court. *Smoke N Stuff v. City of Chicago*, 2015 IL App (1st) 140936, ¶ 15. The factual findings of the agency are deemed *prima facie* true and correct (735 ILCS 5/3-110 (West 2016)), and we will not overturn them unless they are against the manifest weight of the evidence. *Id.* Questions of law are reviewed *de novo*. *Id.* A mixed question of law and fact, concerning the legal effect of a given set of facts, is reversed only if the agency's decision on that question was clearly erroneous. *Id.*

¶ 18    Here, considering plaintiff's challenge to the Department's decision, we cannot conclude on this record that the Department erred. While plaintiff contends that the police stop of his vehicle was illegal, a City police officer testified before the Department judge that plaintiff's vehicle was stopped because it pulled over without signaling and then the officer learned from a computer search of public records that the driver's license was suspended. The City corroborated that the driver's license was suspended on the day in question by presenting into evidence the driver's Secretary of State abstract. Plaintiff argued before the judge that witnesses would contradict the officer's account of the stop, but plaintiff presented no witnesses. Thus, the City stated a *prima facie* case that plaintiff's vehicle violated the clear language of Code section 9-80-240(a), and plaintiff presented no evidence to the contrary.

¶ 19    As to the nol prossing of the traffic citations against the driver, those citations had been pending separately in the circuit court from the case before the Department. Proceedings to levy a fine for violating a municipal ordinance are civil rather than criminal in nature, and "the same offense may violate both a criminal law, to be prosecuted by the state's attorney, and a local ordinance, to be prosecuted by the municipal prosecutor." *Smoke N Stuff*, 2015 IL App (1st) 140936, ¶¶ 19, 21. The Department judge was correct on this point. Also, we will not infer from a *nolle prosequi* that the court made any finding in the traffic case in the driver's favor that

should somehow have affected the Department proceedings. See *People v. Chatman*, 2016 IL App (1st) 152395, ¶ 64 (*nolle prosequi* is a prosecutor's decision to not continue prosecuting a charge, which "can occur for any number of different reasons.")

¶ 20                                    IV. CONCLUSION

¶ 21      Accordingly, we affirm the decision of the Department.

¶ 22      Affirmed.